UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| E.S., the student and | ) | |
| K.W. and S.W., the student's parents, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:21-cv-00283 |
| | ) | |
| CLARKSVILLE MONTGOMERY | ) | |
| COUNTY SCHOOL SYSTEM, | ) | |
| FRANCES CAMP, individually, | ) | |
| DEBORAH WORK, individually, | ) | |
| CHRISTINA CARNALL, individually | ) | |
| TABATHA ATKINS, individually, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On August 18, 2023, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 53), which advised the Court to deny Plaintiffs' Motion for Judgment on the Administrative Record (Doc. No. 46) and grant the Clarksville Montgomery County School System's ("CMCSS") Motion for Judgment on the Administrative Record (Doc. No. 51). (Doc. No. 53 at 35). For the following reasons, the Court will approve and adopt the R&R (Doc. No. 53).

## I. BACKGROUND

This dispute arises from a series of events that occurred during the 2018–19 school year between an elementary student, E.S.; her parents, K.W and S.W.; and CMCSS. (Doc. No. 1 ¶ 1–5). After a four-day administrative hearing on alleged violations of the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. §§ 14000 *et seq*., and the Special Education Behavior Supports Act ("SEBSA"), Tenn. Code Ann. § 49-10601 *et seq*., the Administrative Law Judge (ALJ) issued a final order ("Final Order") denying Plaintiffs relief. (Doc. No. 1-1 at 52).

Plaintiffs timely appealed to this Court, seeking "*de novo* review and reversal of the [Final Order.]"[1]  (Doc. No. 1 at 2–3).

Plaintiffs' appeal was referred to the Magistrate Judge for a R&R pursuant to 28 U.S.C. § 636(b)(1)(B).  (Doc. No. 24 at 1).  On August 18, 2023, the Magistrate Judge issued the R&R (Doc. No. 53), which explained that "after conducting an evidentiary hearing, reviewing the ALJ's decision, and considering the record as a whole, the [Magistrate Judge] f[ound] that the ALJ properly determined that Defendant did not deny E.S. a [free appropriate public education ("FAPE")]."  Noting that "an IDEA case must seek relief for the denial of a FAPE," (Doc. No. 53 at 27), the Magistrate Judge tailored its review to Plaintiff arguments and reasoned that "Defendant considered E.S.'s individual circumstances and proposed IEPs [("Individual Education Plan")] that were reasonably calculated to enable her to progress in light of her circumstances, were reasonably appropriate, and met the procedural requirements of the IDEA."  (Id. at 30).  With regard to SEBSA claims, the Magistrate Judge reasoned that CMCSS's use of isolation and restraints were permissible given the circumstances and that CMCSS is not liable for a single technical violation of the 10-day notice requirement because it afforded K.W. opportunities to meaningfully participate in the IEP process.  (Id. at 31–32).  Thus, the Magistrate Judge advised the Court to deny Plaintiffs' Motion for Judgment on the Administrative Record (Doc. No. 46) and grant CMCSS's Motion for Judgment on the Administrative Record (Doc. No. 51).  (Doc. No. 53 at 35). Plaintiffs timely filed their Objection (Doc. No. 54) to the R&R, and CMCSS has responded.  (Doc. No. 55).

---

[1] In addition to seeking review of the Final Order, Plaintiff alleged that CMCSS and other defendants also violated Title II of the Americans with Disabilities ACT ("ADA"), 42 U.S.C. § 12101 *et. seq.*; and Section 504 of the Rehabilitation Act of 1973, 20 U.S.C. § 794; as well as state law claims of false imprisonment and batter pursuant to 28 U.S.C. § 1367.  (See generally Doc. No. 1).  These claims are not before the Court now.  (Doc. No. 53 at 2).

2

## II.   STANDARDS OF REVIEW

Two standards of review govern this case.  First, because the R&R would be dispositive on the matters it covers if accepted, the Court's review is *de novo* under Rule 72.  "This does not mean, however, that the Court must 'reinvent the wheel' when taking a fresh look at the matter." Snider v. Saul, No. 3:18-CV-00857, 2020 WL 30217, at *1 (M.D. Tenn. Jan. 2, 2020) (citing Chen v. I.N.S., 87 F.3d 5, 7 (1st Cir. 1996); Franklin v. Anderson, 267 F. Supp. 2d 768, 793 (S.D. Ohio 2003)).  Instead, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to."  Fed. R. Civ. P. 72(b)(3); Cole v. Yunkins, F. App'x 354, 356 (6th Cir. 2011) (citing Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)); see also Lawhorn v. Buy Buy Baby, Inc., No. 3:20-CV-00201, 2021 WL 1063075, at *1 (M.D. Tenn. Mar. 19, 2021) (stating that a "failure to properly, specifically, and timely object to a report and recommendation releases the Court from its duty to independently review the matter.").  This is because without proper objections to a report and recommendation, the "functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks."  Howard v. Sec'y of Health & Hum. Servs., 932 F.2d 505, 509 (6th Cir. 1991).

Second, "[i]n reviewing an ALJ's decision in an IDEA case, district courts apply a 'modified *de novo*' standard that requires the court 'to make findings of fact based on a preponderance of the evidence contained in the complete record, while giving some deference to the fact findings of the administrative proceedings.'"  Somberg on behalf of Somberg v. Utica Cmty. Sch., 908 F.3d 162, 172 (6th Cir. 2018) (quoting Deal v. Hamilton Cty. Bd. of Educ., 392 F.3d 840, 849–50 (6th Cir. 2004)).  "When educational expertise is relevant to an ALJ's finding, the reviewing court affords the finding more weight," but the same is not true when such expertise is irrelevant because "the court is as well suited to evaluate the issue as the ALJ."  Id. (citing

3

McLaughlin v. Holt Pub. Schs. Bd. of Educ., 320 F.3d 663, 669 (6th Cir. 2003)). This "afford[s] less deference than that given to agencies under the substantial evidence test." Burilovich v. Bd. of Educ. of Lincoln Consol. Sch., 208 F.3d 560, 567 (6th Cir. 2000). Ultimately, "administrative findings in an IDEA case may be set aside only if the evidence before the court is more likely than not to preclude the administrative decision from being justified based on the agency's presumed educational expertise, a fair estimate of the worth of testimony, or both." Id.

III.     LEGAL DISCUSSION

Plaintiffs' Objection (Doc. No. 54) raises five arguments: (1) that E.S.'s IEP was not reasonably calculated to provide E.S. with educational benefits; (2) that CMCSS failed to identify the root cause of E.S.'s behavior; (3) that CMCSS violated the Special Education Behavior Supports Act; (4) that CMCSS failed to follow E.S.'s behavior intervention plan; (5) that CMCSS materially deviated from E.S.'s IEP by placing her in an ISS-like setting. According to Plaintiffs, the R&R "only cursorily addresses [arguments] (1) and (3) and completely omits any analysis on issues (2), (4), and (5)." (Doc. No. 54 at 3).

But each argument contains the same fatal error. Rather than explain how the Magistrate Judge failed to evaluate the ALJ's decision under the appropriate standard, Plaintiffs merely summarize evidence that supports their preferred resolution. (Doc. No. 54 at 3–13). In doing so, Plaintiffs essentially recite their prior arguments, (compare Doc. No. 54 at 3–13; with Doc. No. 47 at 8–9, 17–24), and ask this Court to duplicate the work of both the ALJ and Magistrate Judge to come to the opposite result. Such a request cannot demonstrate an error, and, for that reason, Plaintiffs' Objection must be discarded as improper. Howard, 932 F.2d at 509.

Take, for instance, Plaintiffs' first argument—that "E.S.'s IEP was not reasonably calculated to provide E.S. with educational benefits." (Doc. No. 54 at 3–6). There, Plaintiffs

4

excerpted a portion of the Magistrate Judge's analysis, claim that his full analysis does not address the Plaintiffs' argument that "the 2018–2019 IEP did not include the behavioral services that E.S. required in order to access her education,"[2] and urge this Court to reweigh the record evidence. (Id.). Absent from their argument, however, is an explanation of why that evidence warrants setting aside the ALJ's administrative findings. (Id.). Perhaps Plaintiffs believe it intuitive that the evidence credited by the ALJ more likely than not precludes the administrative decision from being justified. Perhaps they believe that their preferred evidence is so compelling that it overwhelms the due deference afforded to the ALJ. But it is not for this Court to speculate. By failing to turn the corner and state the gravamen of its argument, Plaintiffs have not properly objected to the R&R requiring this Court's review.

Plaintiffs' third argument—that CMCSS violated SEBSA—fares no better. Here, Plaintiffs take two approaches. The first focuses on the Magistrate Judge's supposed failure to "address Plaintiffs' argument that the documentation completed by the school and the Montgomery County Sheriff's Office does not accurately represent the events leading up to E.S.'s aggressive behavior." (Doc. No. 54 at 8). Setting aside that Plaintiffs never marshalled such an argument before the Magistrate Judge, (see generally Doc. No. 47), they again ignore the relevant standard with which they must grapple, omitting how the documentation's supposed omissions would affect the Final Order or the Magistrate Judge's review. (See Doc. No. 47 at 21–23). The

---

[2] In fact, the Magistrate Judge clearly considered this argument. As the Magistrate Judge rightly noted, "to meet its substantive obligation under the IDEA, a school must offer an IEP reasonably calculated to enable a child to make progress appropriate in light of the child's circumstances." (Doc. No. 53 at 19–20 (internal quotation marks and citations omitted)). The Magistrate Judge then found that E.S. was fully capable of following school rules and making choices, and that when she did, she progressed. On this alone, the IEP may be considered reasonable. What's more, Plaintiffs have voluntarily walked back the argument by acknowledging that E.S.'s IEP included "30 minutes/day of Social Behavior with Resource, and 60 minutes/week of Gifted Services to be provided by a Special Educator." (Doc. No. 54 at 4 n. 4).

second approach, which centers on CMCSS's failure to conduct a Manifestation Determination Hearing before it filed a Truancy Petition, similarly falls short.[3] (See Doc. No. 54 at 11–12 (doing nothing more than matter-of-factly citing select evidence)).

The Court need not be redundant by trudging through each of Plaintiffs' arguments. As previously stated, this error pervades each one. (See Doc. No. 54 at 3–13 (not once confronting the standards applied by either the ALJ or the Magistrate Judge, nor the import of countervailing evidence)). And, although the Magistrate Judge did not explicitly address Plaintiffs' second, fourth, and fifth arguments, the R&R's framing—around the claims on which Plaintiffs seeks relief—necessarily excluded at least Plaintiffs' second and fourth arguments which were untethered to either the IDEA or SEBSA. (Doc. No. 54 at 6–8, 12). Plaintiff's fifth argument was implicitly addressed through the Court's discussion of Plaintiffs' SEBSA claims. (See Doc. No. 53 at 31–32).

At bottom, Plaintiffs have failed to properly object to the R&R, and the Court has no duty to independently review this matter. See, e.g., Miller, 50 F.3d at 380; Lawhorn, No. 3:20-CV-00201, 2021 WL 1063075, at *1.

---

[3] Even if this Court were to consider this specific argument a proper objection, the Court would overrule it without hesitation. The statute on which Plaintiffs hinge their argument, Tenn. Code Ann. § 49-10-1304(d)(3)(B), does not so much as reference the requirement Plaintiffs claim it imposes (i.e. that CMCSS must conduct a manifestation determination hearing before filing a truancy petition). See Tenn. Code Ann. § 49-10-1304(d)(3)(B) ("If school personnel impose isolation or restraint, then the school shall immediately contact appropriate school personnel who are designated under department rules to authorize the isolation or restraint. The school personnel authorized by the department's rules to authorize isolation or restraint must observe and evaluate the student's condition within a reasonable time after the isolation or restraint was used. The school principal, or the school principal's designee, shall notify the student's parent or guardian orally or by written or printed communication on the same day the isolation or restraint was used. The school principal, or the school principal's designee, shall be held harmless for failing to notify a student's parent or guardian in compliance with this subsection (d) if the school principal, or the school principal's designee, made a reasonable effort to notify the student's parent or guardian.").

6

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Objection (Doc. No. 54) is **OVERRULED**. The Court **APPROVES** and **ADOPTS** the R&R (Doc. No. 53), and, accordingly, Plaintiffs' Motion for Judgment on the Administrative Record (Doc. No. 46) is **DENIED**, Defendant's Motion for Judgment on the Administrative Record (Doc. No. 51) is **GRANTED**, and Plaintiffs' IDEA claims are **DISMISSED**.

IT IS SO ORDERED

_____

WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE